IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

TERRENCE POUNCEY                    *

    Plaintiff,                           *

        v.                              *                1:11-CV-10-ID
                                                   (WO)

CITY OF DOTHAN, *et al.*,            *

    Defendants.                          *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Dothan City Jail located in Dothan, Alabama. He brings this 42 U.S.C. § 1983 action against the City of Dothan, Alabama, the Honorable Rose Gordon, and Sadie Edwards seeking to challenge matters associated with his current confinement.[1] Specifically, Plaintiff complains that he was arrested and pled guilty to charge of harassment which is the same charge he was arrested for twelve years ago and was dismissed; he has been sentenced numerous times but does not know what for; he has been tried, sentenced, and is being held in jail but has not been to court; and he has not been given access to an attorney or a law library. (*Doc. No 1*.)  Plaintiff requests damages and injunctive relief.

Upon review of the complaint, the court concludes that dismissal of Plaintiff's

_____

[1] It is not clear who Ms. Edwards is and Plaintiff makes no specific allegations against this individual in the complaint. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I.  DISCUSSION

*A. City of Dothan*

Although the Supreme Court has held that counties (and other local government entities) are "persons" within the scope of § 1983, and subject to liability, Plaintiff cannot rely upon the theory of *respondeat superior* to hold the City of Dothan liable. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti,* 475 U.S. 469, 479 (1986). "It is only when the 'execution of the government'' policy or custom ... inflects the injury' that the municipality may be held liable." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). A city does not incur § 1983 liability for injuries caused solely by its employees. *Monell,* 436 U.S. at 694. Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation. *Bd. of County Com'rs v. Brown,* 520 U.S. 397, 403 (1997).

Here, Plaintiff's complaint fails to articulate a theory under *Monell* under which the City of Dothan may be held liable.  Consequently, there's no legal basis on which Plaintiff's claims against this Defendant may proceed and it is, therefore due to be dismissed.  *See*

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Neitzke v. Williams*, 490 U.S. 319 (1989).

*B. Judge Gordon*

To the extent Plaintiff's seeks to challenge actions taken by Judge Gordon in her judicial capacity during municipal court proceedings over which she had jurisdiction, such claims are due to be dismissed.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to her judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, any claims for monetary damages against Judge Gordon are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed under the provisions of  28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke v. Williams*, 490 U.S. 319,  327 (1989).

To the extent Plaintiff seeks injunctive and/or declaratory relief from adverse decisions issued by Judge Gordon in the  criminal court proceedings over which this Defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining

of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  544 U.S. at 284, 125 S.Ct. [at] 1517."  *Lance*, 546 U.S. at 464, 125 S.Ct. At 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of any request for injunctive and/or declaratory relief Plaintiff seeks to make with respect to actions undertaken by Judge Gordon during matters related to Plaintiff's municipal court criminal proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

C.  *Plaintiff's Confinement*

To the extent Plaintiff seeks to challenge his current detention and/or a conviction, a civil rights lawsuit under 42 U.S.C. § 1983 is not an appropriate remedy.  Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate release or a speedier release from that

imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).  Further, § 1983 may not be used to challenge the fact of a plaintiff's state court criminal conviction and/or sentence. Rather, the proper vehicle for mounting such a challenge would be the filing of a petition under 28 U.S.C. § 2254.

In filing this action, Plaintiff appears to challenge matters related to the validity and the legality of his current confinement.  When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition pursuant to § 2254 to attack a state court conviction, a prisoner fails to state a claim under § 1983.  *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500.  A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 action.[3]  *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373(S.D. Fla. 2000).

In light of the foregoing, the court concludes that Plaintiff's complaint, to the extent it seeks to challenge the legality of his current detention,  is due to be dismissed without

---

[3] Compensatory and punitive damages are available in a 42 U.S.C. § 1983 action but not by way of a writ of habeas corpus or a § 2254 petition.  To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. 486-87.

prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Defendants City of Dothan and Judge Gordon be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii);

2. Plaintiff's § 1983 claims against Defendant Edwards be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff's challenge to the constitutionality of his current detention be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not properly before the court at this time; and

4. This case be DISMISSED prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **February 2, 2011**. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of January 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE